```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JARRETT FROST,                                                :
                        Plaintiff,                            :
                                                              :
 v.                                                           :    **MEMORANDUM OPINION**
                                                              :    **AND ORDER**
SERGEANT ALEXANDER DAVIS, C.O.                                :
HERMAN DAWSON, C.O. LOUIS                                     :    17 CV 8418 (VB)
MELENDEZ, C.O. JOHN SCHILIRO, C.O.                            :
CHRISTIAN TANNUM, and COUNTY OF                               :
WESTCHESTER,                                                  :
                        Defendants.                           :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff, who is proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 alleging defendants violated his constitutional rights.

On April 9, 2018, defendants Sergeant Davis, Correction Officer ("C.O.") Dawson, C.O. Melendez, C.O. Schiliro, and C.O. Tannum (collectively, the "individual defendants") answered the amended complaint. (Doc. #25).

Now pending before the Court is Westchester County's (the "County") motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #26). Plaintiff failed to oppose the motion to dismiss, and his time to do so has passed. Therefore, the Court deems the motion fully submitted and unopposed.

For the reasons set forth below, the County's motion to dismiss is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

1

**BACKGROUND**

For the purpose of deciding the motion to dismiss, the Court accepts all factual allegations in the amended complaint as true and draws all reasonable inferences in plaintiff's favor, as summarized below.

At all times relevant to the amended complaint, plaintiff was an inmate at Westchester County Jail.

Plaintiff alleges he was transported from his housing unit to the special housing unit ("SHU") on July 31, 2017. When plaintiff arrived in SHU, Sergeant Davis ordered an unidentified officer to conduct a strip search of plaintiff. Plaintiff protested that he was not comfortable being strip searched in view of the security camera. Plaintiff was forced onto the ground and restrained while his clothes were cut off with scissors. In the process, plaintiff's left shoulder was cut.

After plaintiff's pants were removed, he "felt an officer's hand through [his] anus area." (Am. Compl. at 3).[1] Plaintiff's restraints were removed and another officer groped plaintiff's testicles and anus. That officer slammed plaintiff onto the floor, kicked him in the right eye, and hit plaintiff's back. Plaintiff was sprayed with a chemical decontaminant called "OC" and was unable to see. (Am. Compl. at 6).

Subsequently, plaintiff was left in his cell for nearly six days without a toilet, sink, bedsheets, or water.

Plaintiff asserts claims for violations of his Eighth and Fourteenth Amendment rights.

---

[1] As used herein, "Am. Compl. at __" refers to the Court's electronic case filing system page number stamped at the top of each page of the amended complaint.

**DISCUSSION**

I.      Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Id. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation and citation omitted). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d

162, 170 (2d Cir. 2010) (internal quotation and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II. Monell Claim

The County argues plaintiff's claim against it must be dismissed because plaintiff fails to state a Monell claim. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

The Court agrees.

A. Legal Standard

Under Monell, a municipality is liable under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury." Monell v. Dep't of Soc. Servs., 436 U.S. at 694. Thus, to assert a Section 1983 claim against the County, plaintiff must show the existence of an official policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Jones v. Town of E. Haven, 691 F.3d 72, 80 (2d Cir. 2012).

A plaintiff may satisfy the "policy or custom" requirement by alleging one of the following: (i) "a formal policy officially endorsed by the municipality"; (ii) "actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question"; (iii) "a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware"; or (iv) "a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." Brandon v. City of New York, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010).

4

"While Monell claims are not subject to a 'heightened' pleading standard beyond that defined in Rule 8(a)(2), such claims nevertheless must meet the plausibility requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 572 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009)." Guzman v. United States, 2013 WL 5018553, at *4 (S.D.N.Y. Sept. 13, 2013) (quoting Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993)).[2] "In other words, boilerplate allegations will not suffice." Id. (internal quotation omitted). "[T]he allegations [a defendant] acted pursuant to a 'policy,' without any facts suggesting the policy's existence, are plainly insufficient." Missel v. Cty. of Monroe, 351 F. App'x 543, 545–46 (2d Cir. 2009) (summary order) (citing Dwares v. City of New York, 985 F.2d 94, 100–02 (2d Cir. 1993)).

B. Application

With respect to the County, plaintiff's complaint (Doc. #2) and amended complaint make no reference to an official policy or custom. Nor does plaintiff reference how such official policy or custom caused his injury, or deprived him of a constitutional right.

Accordingly, plaintiff's Monell claim against the County must be dismissed.

In addition, "a suit against a governmental officer 'in his official capacity' is the same as a suit 'against [the] entity of which [the] officer is an agent.'" McMillian v. Monroe Cty., 520 U.S. 781, 785 n.2 (1997) (quoting Kentucky v. Graham, 473 U.S. 159, 165, (1985)).

Thus, to the extent plaintiff's claims against the individual defendants are asserted against the individual defendants in their official capacities, those claims also are evaluated under the standard set forth in Monell. A government official may be liable in his official capacity if

---

[2] Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

5

plaintiff alleges the official violated plaintiff's constitutional rights by establishing a custom or policy fostering the violation. Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir.1995).

Plaintiff has not alleged any of the individual defendants established a custom or policy which fostered the alleged violation of plaintiff's constitutional rights.

Accordingly, to the extent plaintiff's claims against the individual defendants are asserted against those defendants in their official capacities, those claims are also dismissed.

## CONCLUSION

The County's motion to dismiss (Doc. #26) is GRANTED.

Plaintiff's claims against the individual defendants in their individual capacities shall proceed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk is instructed to (i) terminate the pending motion (Doc. #26), (ii) terminate defendant Westchester County, and (iii) mail a copy of this Order to plaintiff at the address on the docket, and the following address:

> Jarrett Frost
> Auburn Correctional Facility
> 135 State Street
> Auburn, New York 13024

The May 17, 2018, conference will proceed as scheduled at 2:00 p.m.

Dated: May 11, 2018
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge